## No. 10,549.

### LINGER-GOFF & HOUGH MOTORS, INC. *v.* HULBERT.

Decided April 2, 1923.  Rehearing denied May 7, 1923.

Action for compensation for services and commissions. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  CONTRACT—*Salary and Commission.* Evidence reviewed and judgment for plaintiff on a contract providing for the payment of salary, and commissions on sales of automobiles, affirmed.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Messrs. MURRAY & INGERSOL, Mr. JOHN L. SCHWEIGERT, · for plaintiff in error.

Mr. JAMES J. SULLIVAN, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is a motion for a supersedeas. The action was brought by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, for services as retail sales manager under a written contract of employment for the period of one year. We shall refer to the parties as they were designated in the trial court.

When the defendant rested its defense, the court directed a verdict in favor of the plaintiff, and the defendant comes here to obtain a review of the judgment entered on the directed verdict.

The plaintiff testified that he was employed as retail sales manager at $175 per month and a commission of one per cent on all sales by retail, and entered upon the discharge of his duties May 10, 1921; that later Mr. Hough reduced the agreement to writing, in which it was provided that the contract might be terminated by thirty days' notice by either party, and that it should relate back and cover the whole period of employment; that the draft of the contract was by Hough delivered to the president, Mr. Linger, who said it was all right, directed it to be signed, and then to deliver it to Mr. Goff, the secretary; that the plaintiff signed the contract and delivered it to Mr. Goff, personally; that following the death of the president, by an aeroplane accident, the vice-president peremptorily discharged the plaintiff, without notice; that he was entitled to one month's pay for having been discharged without the thirty days' notice and for one month back pay, and commissions for the sale of sixty-one automobiles; that the contract was not produced, after due

notice and demand to do so. The stenographer for the defendant company testified that she wrote the contract at the instance of Mr. Hough; that it provided for a salary and a commission, and a thirty days' notice by either party to terminate the contract; that she saw Mr. Linger and Mr. Hough talking about the contract after she had written it, and saw the plaintiff sign it. The defendant's only witness was the bookkeeper, who said that all authorized contracts of the defendant company should be filed with him, and that the contract in question never came into his possession.

On this record it was the duty of the court to direct a verdict for the plaintiff.

Supersedeas denied and judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE DENISON concur.